# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | 6-30-2010 |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3683 | **DATE** | 6-30-10 |
| **CASE TITLE** | Lewis C. Henry (A-50173), et al. v. Blagojevich, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiffs' respective motions for leave to file *in forma pauperis* [3-8] are granted. *In forma pauperis* status is also granted for Clayborn Smith. The Court authorizes the trust fund officer at the Plaintiffs' place of confinement to make deductions from each Plaintiff's trust fund account in accordance with this order. This case is dismissed. *See* 28 U.S.C. § 1915A. The dismissal of this suit counts as a strike against each Plaintiff under 28 U.S.C. § 1915(g). All other pending motions are denied.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Seven inmates at the Stateville Correctional Center have brought this 42 U.S.C. § 1983 civil rights action. Plaintiffs Lewis Henry (A-50173), Robert Tenny (N-10482), Kelvin Norwood (N-90286), Lynn Brooks (B-62713), Derrick Morgan (A-10514), Clayborn Smith (B-13485), and Johnnie Ross (B-60461) filed this suit against the following Defendants, former Governor Rod Blagojevich, the former and current directors of the Illinois Department of Corrections ("IDOC"), several IDOC officials, and former wardens of Stateville. The Plaintiffs allege that commissary prices have increased from 3% to 7% over the past several years. They contend that, although such charges were supposed to cover the costs of wages of commissary employees, the revenues from mark-ups in 2006, 2007, and 2008 exceeded the costs for wages. The Plaintiffs assert that the Defendants have profited from the excess mark-ups. The Plaintiffs argue that their due process rights, equal protection rights, and rights against unlawful seizure of property have been violated. They seek a declaratory judgment finding commissary price increases illegal, an injunction on increasing prices, and damages. They also seek class certification, however, *pro se* prisoners are generally not allowed to represent a class. *See Phillips v. Tobin*, 548 F.2d 408, 413-14 (2d Cir. 1976); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).

The Plaintiffs are all alleging the same facts and issues of law, and they jointly seek relief. Their joinder appears proper. Fed. R. Civ. P. 20. When there are multiple plaintiffs seeking to proceed *in forma pauperis*, the $350 filing fee applies to each plaintiff. *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004).

In this case, six of the seven Plaintiffs have submitted *in forma pauperis* applications. Each Plaintiff must pay a $350 filing fee, *Boriboune*, 391 F.3d at 856, yet it is apparent that none of them can prepay their respective fees. The Court grants *in forma pauperis* status for each Plaintiff and assesses the following initial partial filing fees: $9.52 for Lewis Henry; $4.00 for Robert Tenny; $1.58 for Kelvin Norwood; $15.80 for Lynn Brooks; $18.00 for Derrick Morgan; and $20.80 for Johnnie Ross. Although the Court did not receive an *in forma pauperis* application from Clayborn Smith and he has already accumulated three strikes, for the sake of judicial economy and continuity, the Court assumes that he meant to file an *in forma pauperis* application, grants him *in forma pauperis* status, waives the initial partial filing fee, and directs the trust fund officer to make deductions from Smith's account in accordance with this directive below.
(CONTINUE)

isk

| STATEMENT (continued) |
|---|

The trust fund officer at the Plaintiffs' place of incarceration, currently Stateville, shall deduct the initial partial filing fee from each Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from each Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from each trust fund account shall be forwarded to the clerk of court when the amount in each account exceeds $10 until each Plaintiff has paid the full $350 filing fee. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify the Plaintiffs name and the case number of this action. Each Plaintiff shall remain responsible for his filing fee, and Stateville inmate trust account officers shall notify transferee authorities of any outstanding balance for any Plaintiff that is transferred.

Although the Plaintiffs may proceed *in forma pauperis*, their complaint fails to state a claim upon which relief may be granted. Under 28 U.S.C. § 1915A, this Court must conduct a preliminary review of all suits brought by prisoners and dismiss it, if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The Plaintiffs' complaint fails to state a claim upon which relief can be granted.

The complaint alleges that the Plaintiffs' rights have been violated by the increase of prices of commissary items over the market price and beyond the costs necessary to cover the expenses of running the commissaries. Commissary prices, however, implicate no constitutional right. *See Robinson v. Illinois State Correctional Center (Stateville) Warden*, 890 F. Supp. 715, 718 (N.D. Ill. 1995). Although the Plaintiffs contend that the setting of commissary prices does not accord with the intent of state law, they allege no federal law or constitutional violation. The Plaintiffs do not allege that they were denied the basic necessities of living, which jails and prisons are required to provide. Rather, they allege only that they are charged too much for commissary items. Because prisons provide for the basic necessities of living for its inmates, the Plaintiffs have no protected property or liberty interest in commissary privileges. *See id.*; *see also Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996); *Bennett v. Sheahan*, No. 99-2270, 1999 WL 967534, *4 (N.D. Ill. 1999) (Holderman, J.). Given that the Plaintiffs have no federal constitutional right to purchase commissary items, they have no right to purchase commissary items at a particular price or to have Defendants restrained from charging certain prices. *See French v. Butterworth*, 614 F.2d 23, 25 (1st. Cir. 1980) ("there is simply no legal basis for a demand that inmates be offered items for purchase at or near cost"); *Brown v. Gulash*, 2009 WL 2144592, *5 (S.D. Ill. 2009).

Accordingly, the complaint is dismissed for failure to state a claim upon which this Court may grant relief. *See* § 1915A. The dismissal of the complaint counts as a strike against each Plaintiff under 28 U.S.C. § 1915(g). The Plaintiffs are advised that, if they accumulate three strikes, each will be barred from filing a future federal actions without the prepayment of the filing fee, unless the Plaintiff is in imminent danger of serious physical harm. § 1915(g).

If the Plaintiffs wish to appeal this dismissal, they may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If they seek leave to proceed *in forma pauperis* on appeal, their motions should set forth the issues they intend to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiffs do choose to appeal, each inmate who joins the appeal will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, each Plaintiff may also accumulate another "strike."

